PEOPLE OF PORTO RICO, Plaintiff and Appellee, v. ENRIQUE BÁEZ, Defendant and Appellant.

No. 3670. Argued January 24, 1929.—Decided July 23, 1929.

22

*Enrique Báez García* and *R. Rivera Zayas*, for appellant. *José E. Figueras*, for appellee.

MR. JUSTICE ALDREY delivered the opinion of the court.

The complaint in the present case was filed on September 9, 1927, and it is charged therein that while appellant was Clerk of the District Court of Mayagüez he received in his official capacity on October 14, 1926, the sum of $3,500 delivered to him by the marshal of the said court as the proceeds of a judicial sale and that he failed to deposit said sum immediately in the banking institution designated for making such deposits.

The appeal herein was heard together with appeals Nos. 3642 and 2669 of the same appellant for like offenses, which we have decided today pursuant to a written opinion filed in case No. 3642, *ante*, p. 13, and the present appeal differs essentially from the others, only in that at the time the clerk received the $3,500 on October 14, 1926, an examiner from the office of the Auditor had already commenced the audit of the accounts of the appellant clerk and had notified the Mayagüez banks, where the clerk customarily made his deposits, not to accept from him any moneys without the intervention of the said examiner.

From the evidence it appears that the appellant had not informed the examiner that he had received such money. He deposited it a month later, after the examiner had finished

his work, had left and had canceled the notices to the banks not to receive any deposits from the clerk without his intervention.

As we have said in case No. 3642, *supra,* the appellant clerk should have made the deposit immediately after receipt thereof, and his failure to do so in the present case until one month later constitutes the offense of which he has been convicted. The fact that the examiner had notified the banks not to accept any money from the clerk was no obstacle to such deposit, since the clerk could have made it with the intervention of the examiner.

A further ground of appeal herein different from those urged in case No. 3642, *supra,* is that during the trial in the district court the municipal judge, before whom the case was tried in the first instance, was permitted to testify as to the admission by defendant at such trial that he had signed the receipt for the $3,500; but the fact that a trial *de novo* was held in the district court did not impede the introduction in evidence therein of said admission made by the defendant in the municipal court.

The other assignments in this appeal are identical with those made in case No. 3642 and, therefore, all we said with reference thereto in the latter case is applicable here.

The judgment appealed from must be affirmed.